JS-6

# UNITED STATES DISTRICT COURT
## CENTRAL DISTRICT OF CALIFORNIA
### CIVIL MINUTES - GENERAL

| Case No. | CV 20-3532 PA (JCx) | Date | April 30, 2020 |
|---|---|---|---|
| Title | Simon Simonyan v. BMW Financial Services, NA, LLC | | |

| Present: The Honorable | PERCY ANDERSON, UNITED STATES DISTRICT JUDGE | |
|---|---|---|
| T. Jackson | Not Reported | N/A |
| Deputy Clerk | Court Reporter | Tape No. |

| Attorneys Present for Plaintiffs: | Attorneys Present for Defendants: |
|---|---|
| None | None |

**Proceedings:**   IN CHAMBERS - COURT ORDER

Defendant BMW Financial Services, NA, LLC ("Defendant") filed a Notice of Removal of the action commenced by plaintiff Simon Simonyan ("Plaintiff"). Defendant asserts that this Court has subject matter over the action pursuant to the Court's federal question jurisdiction. 28 U.S.C. § 1331.

Plaintiff's Complaint, which was removed to this Court by Defendant, alleged four claims for: (1) violation of the California Consumer Credit Reporting Agencies Act ("CCRA"), Cal. Civ. Code § 1785.25(a); (2) violation of the CCRA, Cal. Civ. Code § 1785.26(b); (3) violations of the Fair Credit Reporting Act ("FCRA"), 15 U.S.C. § 1681s-2; and (4) violation of California's Unfair Competition Law ("UCL"), Cal. Bus. & Prof. Code § 17200. The Court's subject matter jurisdiction is therefore premised on the FCRA claim, which is the only federal claim asserted in the action.

Plaintiff has now filed a First Amended Complaint ("1st AC"), in which Plaintiff has voluntarily dismissed his federal claim for violations of the FCRA. As a result of Plaintiff having voluntarily dismissed his only federal claim, the Court has only supplemental jurisdiction over Plaintiff's remaining state law claims under 28 U.S.C. § 1367(a). Once supplemental jurisdiction has been established under § 1367(a), a district court "can decline to assert supplemental jurisdiction over a pendant claim only if one of the four categories specifically enumerated in section 1367(c) applies." Exec. Software v. U.S. Dist. Court for the Cent. Dist. of Cal., 24 F.3d 1545, 1555–56 (9th Cir. 1994). The Court may decline supplemental jurisdiction under § 1367(c) if: "(1) the claim raises a novel or complex issue of State law, (2) the claim substantially predominates over the claim or claims over which the district court has original jurisdiction, (3) the district court dismissed all claims over which it has original jurisdiction, or (4) in exceptional circumstances, there are other compelling reasons for declining jurisdiction."

JS-6

# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA
## CIVIL MINUTES - GENERAL

| Case No. | CV 20-3532 PA (JCx) | Date | April 30, 2020 |
|---|---|---|---|
| Title | Simon Simonyan v. BMW Financial Services, NA, LLC | | |

    Having dismissed the federal claim without prejudice, the Court declines to exercise supplemental jurisdiction over Plaintiff's state law claims.  See 28 U.S.C. § 1367(c)(3).  The Court further exercises its discretion to remand the action.  See Albingia Versicherungs A.G. v. Schenker Int'l Inc., 344 F.3d 931, 938 (9th Cir. 2003); Harrell v. 20th Century Ins. Co., 934 F.2d 203, 205 (9th Cir. 1991) ("[A] district court has discretion to remand a properly removed case to state court when none of the federal claims are remaining.").  The Court remands this action to Los Angeles County Superior Court, Case No. 20STCV06742.

    IT IS SO ORDERED.